## FRIEDMAN v
## TEXAS DISTRIBUTING CO

Ohio Appeals, 8th Dist, Cuyahoga Co

Nos 14643, 14644, 14645

Decided Dec 9, 1935

T. A. Ryan, Cleveland, for plaintiff in error.

David Copeland, Cleveland, for defendant in error.

MIDDLETON, PJ, BLOSSER and
McCURDY, JJ, (4th Dist) sitting
by designation.

## OPINION

By McCURDY, J.

One of the principal questions presented for our consideration is whether or not the special findings of fact made by the court below are warranted by the evidence. An examination of these findings discloses that they have been made in great detail and an examination of the record discloses that the testimony contained therein is in direct conflict. These cases having been submitted in the Municipal Court to the court, that court necessarily had to perform the function of a jury and had before it the task of determining which of the witnesses it would believe.

We find testimony in the record supporting in every detail the findings of fact made by the Municipal Court. While it is true that plaintiff in error and his father gave testimony contrary to that of the officers of the defendant in error corporation and its attorney, yet the court below saw fit to accept as true the testimony of the officers of the corporation and its attorney. It is the testimony of these witnesses which supports the findings of fact. For this reason we are unable to see that there is not sufficient evidence on which to base the special findings of fact. Moreover, the very circumstances surrounding the lease in question, providing for the construction of an addition to a gasoline station on the leased premises, are in complete accord with the manner in which the court below saw fit to give credit to the evidence.

The plaintiff in error who was the lessor, had complete charge of the building that was contemplated, the letting of the bid, the selection of the contractor and the payment of the money for the improvements. It is true that the defendant in error had the right to suggest the contractor, yet it was not mandatory upon the lessor, the plaintiff in error, to adopt

the suggestion. If the defendant in error could have secured the contractor it desired this would have had no bearing on the cost of the improvement. So that the defendant in error did not have control over the improvement, as urged by counsel for the plaintiff in error during the hearing of this case. for which reason the circumstances surrounding the case cannot be said to be at variance with the finding of the Municipal Court.

It would serve no purpose to set out the terms of the lease or to set out in detail the findings of fact made by the court below. The lease itself is a part of the record as is the findings of fact to which we have referred.

Since the findings of fact are supported by the evidence there remains only for our consideration the question of whether or not the law correctly applied thereto. On this proposition we find that the Municipal Court has set out in detail its conclusion of law on plaintiff's petitions and on defendant's cross-petition, as applied to the findings of fact. These conclusions of law also contain a discussion of the law relative to the introduction of parol evidence. All of which is of such an elementary and basic nature that it requires no elaboration.

After a careful examination of the conclusions of law we are of the opinion that the correct principles are stated therein and a correct application to the findings of fact was made. The judgment is not against the manifest weight of the evidence and there being no error prejudicial to the plaintiff in error, the judgment of the Municipal Court in cases No. 14643, 14644 and 14645 is hereby affirmed.

MIDDLETON, PJ, and BLOSSER, J, concur.